# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 12, 2012

Lyle W. Cayce
Clerk

No. 11-50578
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

PAULINO LOERA-ZEPEDA, also known as Lorenzo Avila-Dominguez, also known as Paulino Zepeda, also known as Lorenzo Avila, also known as Paulino Lorea-Zepeda,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-615-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Paulino Loera-Zepeda challenges the sentence of, *inter alia*, 60-months' imprisonment imposed following his guilty-plea conviction for illegal reentry. He maintains his sentence is unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). Specifically, he contends the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines sentencing range did not adequately reflect his cultural assimilation or his substance-abuse issues resulting from his largely unsupervised childhood.

Post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence within the properly calculated Guidelines sentencing range is presumptively reasonable. *E.g.*, *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Loera has not rebutted the presumption that his within-Guidelines sentence is reasonable. Moreover, as he concedes regarding one of his bases for challenging his sentence, his contention that the presumption should not apply because the Guideline at issue is not empirically based is foreclosed. *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). He presents it only in order to preserve it for possible further review.

AFFIRMED.